IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMAR L. TRAVILLION, | No. 4:23-CV-01335 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| LAUREL HARRY, *et al.*, | |
| Defendants. | |

MEMORANDUM OPINION

MAY 14, 2025

Plaintiff Jamar L. Travillion is a serial *pro se* litigant who is well known to this Court. He is currently incarcerated at the State Correctional Institution, Rockview (SCI Rockview), located in Bellefonte, Pennsylvania. Travillion filed the instant *pro se* Section 1983[1] action claiming constitutional violations by multiple SCI Rockview officials. His claims have been winnowed to a single First Amendment retaliation claim against Unit Manager Sharon Clark. Presently pending is Clark's motion for summary judgment under Federal Rule of Civil Procedure 56. Because Travillion has not responded in any way to Clark's motion and thus has failed to carry his Rule 56 burden on his remaining Section 1983 claim, the Court must grant Clark's unopposed motion for summary judgment.

---

[1] 42 U.S.C. § 1983. Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).

I.  **FACTUAL BACKGROUND**[2]

Travillion lodged the instant Section 1983 lawsuit in August 2023.[3] In his complaint, he asserted First Amendment retaliation and Eighth Amendment failure-to-protect claims against numerous SCI Rockview and Pennsylvania Department of Corrections (DOC) officials.[4]

After Travillion paid the filing fee, the Court screened his complaint as required by 28 U.S.C. § 1915A(a).[5] Following a comprehensive review, the Court dismissed all Section 1983 claims except Travillion's individual capacity First Amendment retaliation claim against Clark.[6] The Court granted Travillion leave to amend and provided explicit instructions for amendment,[7] but he did not file an amended complaint.[8] The Court thus dismissed with prejudice the Section 1983 claims that were previously dismissed without prejudice and ordered service as to

---

[2]  Local Rule of Court 56.1 requires that a motion for summary judgment be supported "by a separate, short, and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried." LOCAL RULE OF COURT 56.1. A party opposing a motion for summary judgment must file a separate statement of material facts, responding to the numbered paragraphs set forth in the moving party's statement and identifying genuine issues to be tried. *Id.* Clark properly filed her statement of material facts, (Doc. 32), but Travillion failed to respond to that statement. Accordingly, the Court will deem admitted the facts in Clark's Rule 56.1 statement. *See* LOCAL RULE OF COURT 56.1.
[3]  *See generally* Doc. 1.
[4]  *See* Doc. 10 at 4-5 & n.22.
[5]  *See generally* Docs. 10, 11.
[6]  *See* Doc. 10 at 6-18.
[7]  *See id.* at 15-17.
[8]  Travillion twice moved for additional time to file an amended complaint. *See* Docs. 13, 15. The Court granted those motions. *See* Docs. 14, 16. Nevertheless, no amended complaint was filed.

2

Clark for the remaining retaliation claim.[9] Clark waived service and timely filed an answer.[10]

Following the close of fact discovery, Clark moved for summary judgment on the remaining First Amendment claim.[11] Travillion failed to respond to Clark's Rule 56 motion, so the Court issued an Order directing him to respond within 14 days (*i.e.*, by March 31, 2025) or the motion would be deemed unopposed.[12] Travillion responded by letter, alleging that he had not been served with a copy of Clark's Rule 56 motion, supporting brief, or statement of material facts.[13] On April 2, 2025, the Court *sua sponte* ordered Clark to re-serve all summary judgment filings and informed Travillion that he would have 21 days to respond following service.[14]

Before receiving the Court's April 2 Order, Travillion moved for an extension of time to file his summary judgment response.[15] The Court received this motion on April 4, 2025, and promptly dismissed it as moot, as the April 2 Order already provided that Travillion would have the requisite 21 days to

---

[9] *See* Doc. 17.
[10] *See* Docs. 20, 21.
[11] Doc. 29.
[12] *See* Doc. 34.
[13] *See* Doc. 35.
[14] *See* Doc. 36 (citing LOCAL RULES OF COURT 7.6, 56.1).
[15] *See* Doc. 38 (dated March 31, 2025, and received by the Court on April 4, 2025).

respond—as provided by Local Rule of Court 7.6—following re-service of Clark's Rule 56 motion.[16]

On April 21, 2025, the Court received another letter from Travillion.[17] In that letter, Travillion confirmed that he had received Clark's Rule 56 filings on April 11, 2025.[18] The Court then issued a corresponding Order clarifying that, pursuant to Local Rules of Court 7.6 and 56.1, Travillion was required to respond to Clark's motion for summary judgment by May 2, 2025 (21 days after April 11, 2025), or the motion would be deemed unopposed.[19]

To date, Travillion has failed to respond to Clark's Rule 56 motion. He has also failed to file any further communication with the Court. Accordingly, because the deadline for a responsive Rule 56 pleading has now passed and Travillion has neither filed a response nor sought another extension of time to do so, Clark's motion for summary judgment is deemed unopposed[20] and is ripe for disposition.

## II.    STANDARD OF REVIEW

"One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses."[21] Summary judgment is

---

[16] *See* Doc. 39.
[17] Doc. 40.
[18] *See id.* ¶ 6. Travillion also argued, contrary to Clark's claim, that he did not receive the original summary judgment filings even though prison mail logs indicated that service through Smart Communications had been effectuated. *See id.* ¶¶ 7-21.
[19] Doc. 41.
[20] *See* LOCAL RULE OF COURT 7.6.
[21] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).

appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[22] Material facts are those "that could alter the outcome" of the litigation, and "disputes are 'genuine' if evidence exists from which a rational person could conclude that the position of the person with the burden of proof on the disputed issue is correct."[23]

At the Rule 56 stage, the Court's function is not to "weigh the evidence and determine the truth of the matter" but rather "to determine whether there is a genuine issue for trial."[24] The Court must view the facts and evidence presented "in the light most favorable to the non-moving party" and must "draw all reasonable inferences in that party's favor."[25] This evidence, however, must be adequate—as a matter of law—to sustain a judgment in favor of the nonmoving party on the claim or claims at issue.[26] A "scintilla of evidence" supporting the nonmovant's position is insufficient; "there must be evidence on which the jury could reasonably find for the [nonmovant]."[27] Succinctly stated, summary judgment is "put up or shut up time" for the nonmoving party.[28]

---

[22] FED. R. CIV. P. 56(a).
[23] *EBC, Inc. v. Clark Bldg. Sys., Inc.*, 618 F.3d 253, 262 (3d Cir. 2010) (quoting *Clark v. Modern Grp. Ltd.*, 9 F.3d 321, 326 (3d Cir. 1993)).
[24] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).
[25] *Thomas v. Cumberland County*, 749 F.3d 217, 222 (3d Cir. 2014).
[26] *Liberty Lobby*, 477 U.S. at 250-57; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-89 (1986).
[27] *Daniels v. Sch. Dist. of Phila.*, 776 F.3d 181, 192 (3d Cir. 2015) (quoting *Liberty Lobby*, 477 U.S. at 252) (alteration in original).
[28] *Daubert v. NRA Grp., LLC*, 861 F.3d 382, 391 (3d Cir. 2017) (quoting *Berkeley Inv. Grp. v. Colkitt*, 455 F.3d 195, 201 (3d Cir. 2006)).

## III.  DISCUSSION

Clark argues, *inter alia*, that summary judgment must be granted in her favor because Travillion failed to exhaust administrative remedies for most of the incidents outlined in his complaint.  Additionally, for the single incident that Travillion did administratively exhaust, he cannot establish the elements of a retaliation claim.  The Court finds that Travillion has failed to oppose summary judgment and that his retaliation claim fails on the merits, so judgment must be entered in Clark's favor.

### A.  Failure to Oppose Rule 56 Motion

Initially, Travillion has failed to carry his burden at summary judgment because he has not opposed Clark's Rule 56 motion in any way.  Travillion has not identified any record evidence that would rebut Clark's contention (and supporting evidence) that he cannot establish the elements of his *prima facie* retaliation claim or that Clark's same-decision defense does not defeat his claim.  Travillion has not, for example, pointed to a declaration or affidavit, witness statements, documentary support, or any other evidence that could sustain a verdict in his favor.  In fact, Travillion has not even responded to Clark's Rule 56 motion, meaning that—pursuant to Local Rule 7.6—the motion is deemed unopposed.[29]

---

[29] *See* LOCAL RULE OF COURT 7.6 (stating that failure to file a brief in opposition to a motion, including one for summary judgment, results in said motion being deemed "unopposed").

At summary judgment, "the non-moving party *must oppose the motion* and, in doing so, may not rest upon the mere allegations or denials of his pleadings but, instead, must set forth specific facts showing that there is a genuine issue for trial. Bare assertions, conclusory allegations, or suspicions will not suffice."[30] Moreover, "[t]he court need consider only the cited materials" when ruling on a motion for summary judgment.[31] No materials have been provided or cited by Travillion in opposition to Clark's Rule 56 motion. Thus, because Travillion has failed to establish that there is a genuine dispute of material fact for trial, the Court must grant Clark's motion for summary judgment.

### B. Merits of the Retaliation Claim

Clark asserts that Travillion failed to exhaust most of the cell-assignment incidents complained of in his lawsuit. However, the Court need not examine the issue of administrative exhaustion. That is because, even assuming Travillion exhausted his complaints regarding the various cell assignments, his First Amendment claim plainly fails on the merits because he has proffered no evidence that would establish the elements of retaliation.

Although a prisoner's constitutional rights are necessarily circumscribed, an inmate still retains First Amendment protections when they are "not inconsistent"

---

[30] *Jutrowski v. Township of Riverdale*, 904 F.3d 280, 288-89 (3d Cir. 2018) (emphasis added) (alteration omitted) (quoting *D.E. v. Cent. Dauphin Sch. Dist.*, 765 F.3d 260, 268-69 (3d Cir. 2014)).

[31] FED. R. CIV. P. 56(c)(3).

with prisoner status or with the "legitimate penological objectives of the corrections system."[32] To establish a First Amendment retaliation claim, a plaintiff must show that (1) "he was engaged in constitutionally protected conduct," (2) he suffered an "adverse action" by prison officials sufficient to deter a person of ordinary firmness from exercising his First Amendment rights, and (3) the plaintiff's protected conduct was a "substantial or motivating factor" in the prison officials' decision to take the adverse action.[33]

There are a variety of ways to establish causation for a First Amendment retaliation claim. One method is to show "unusually suggestive" timing between the protected conduct and the adverse action.[34] When a plaintiff relies solely on circumstantial evidence of temporal proximity, the time between the protected conduct and the adverse action is often measured in days rather than weeks or months.[35] However, there is no "bright line rule limiting the length of time that may pass between a plaintiff's protected speech and an actionable retaliatory act by a defendant."[36] Another approach is to demonstrate "a pattern of antagonism coupled with timing."[37] Finally, causation can be inferred "from the evidence

---

[32] *Wisniewski v. Fisher*, 857 F.3d 152, 156 (3d Cir. 2017) (quoting *Newman v. Beard*, 617 F.3d 775, 781 (3d Cir. 2010)).
[33] *Id.* (quoting *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001)); *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003) (quoting *Rauser*, 241 F.3d at 333).
[34] *See Lauren W. ex rel. Jean W. v. DeFlaminis*, 480 F.3d 259, 267 (3d Cir. 2007).
[35] *See Conard v. Pa. State Police*, 902 F.3d 178, 184 (3d Cir. 2018).
[36] *Id.*
[37] *DeFlaminis*, 480 F.3d at 267.

gleaned from the record as a whole."[38]  Logically, a plaintiff asserting retaliation "will have to show . . . that the decision maker had knowledge of the protected activity[.]"[39]

If a prisoner-plaintiff can establish a *prima facie* retaliation case, the burden shifts to the defendant or defendants to show that "they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest."[40]  This is often referred to as the "same decision defense."[41]

Travillion asserts that he was assigned to a double cell at various times in August and September of 2021 in retaliation for his 2014 lawsuit regarding an inmate-on-inmate assault.[42]  This claim fails for a plethora of reasons.  First, Travillion provides no evidence that Clark made these double-cell assignments or assigned any particular inmate to Travillion's cell,[43] so he has failed to establish Clark's personal involvement or that Clark took any adverse action against him for his protected conduct.  Second, Travillion has failed to allege, let alone support with evidence, what cellmate was assigned to his cell on the various dates and why these double-celling assignments would rise to the level of an adverse action for a First Amendment retaliation claim.  It is common knowledge that general

---

[38] *Watson v. Rozum*, 834 F.3d 417, 424 (3d Cir. 2016) (citing *Farrell v. Planters Lifesavers Co.*, 206 F.3d 271, 281 (3d Cir. 2000)).
[39] *Moore v. City of Philadelphia*, 461 F.3d 331, 351 (3d Cir. 2006) (citation omitted).
[40] *Watson*, 834 F.3d at 422 (quoting *Rauser*, 241 F.3d at 334).
[41] *Id.*
[42] *See* Doc. 1 ¶¶ 23-27.
[43] *See* Doc. 32 ¶¶ 9-18.

population inmates often have a cellmate and are not confined in single-person cells unless they are in administrative or disciplinary segregation. Third, Travillion has failed to establish causation. That is, he has not produced any competent evidence showing that the cell assignments were made by Clark in retaliation for a lawsuit he filed *seven* years prior.

Additionally, Clark has proffered evidence that Travillion's assignments to a double cell were made by other prison officials for legitimate penological reasons. Travillion is not a "Z Program Code" prisoner requiring a single cell, and the cell assignments made in August and September 2021 were implemented through the normal assignment process to address legitimate housing needs at SCI Rockview.[44] Thus, even if Travillion could establish a *prima facie* retaliation claim (which he cannot), judgment would still be granted in Clark's favor based on the same-decision defense.

## IV.   CONCLUSION

Based on the foregoing, the Court will grant Clark's unopposed motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[44]   *See* Doc. 32-2 ¶¶ 5-9; Doc. 32-6 at 1, 2.